

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 28, 1960

Mr. Joseph H. Arnette
Secretary
Texas State Board of Pharmacy
Austin, Texas

Opinion No. WW-829

Re: Would a practitioner
who fills prescriptions
be required to have a
permit from the Texas
State Board of Pharmacy
and can the practitioner
authorize his nurse or
aide to fill and dis-
pense prescriptions.

Dear Mr. Arnette:

     You have requested an opinion from this office on the
following questions:

     No. 1.  Would a practitioner who fills prescrip-
tions for his patients be required to have a permit
from the Texas State Board of Pharmacy?

     No. 2.  Can a practitioner authorize his nurse
or aide to fill and dispense prescriptions for his
patients?

     Section 8 of Article 4542a, Vernon's Texas Civil Statutes,
as amended, provides as follows:

     "It shall be unlawful for any person who is
not a registered pharmacist under the provisions of
this Act to compound, mix, manufacture, combine,
prepare, label, sell or distribute at retail or
wholesale any drugs or medicines, except in original
packages. Provided that all persons now registered
as pharmacists in this State shall have all the
rights granted to pharmacists under this Act. <u>Pro-
vided, however, that nothing in this Act shall apply
to or interfere with any licensed practitioner of
medicine, dentistry or chiropody, who is duly register-
ed as such by his respective State Board of Examiners
of this State, who shall supply his or her patients,
as a physician, dentist or chiropodist, and by them
employed as such, with such remedies as he or she may
desire and who does not keep a pharmacy, open shop or</u>

> drug store, advertised or otherwise, for the re-
> tailing of medicines or poisons; and provided,
> further, that nothing contained in this Act shall
> be construed to prevent the personal administration
> of drugs and medicines carried by any physician,
> surgeon, dentist, chiropodist or veterinarian
> licensed by his respective Board of Examiners of
> this state, in order to supply the immediate needs
> of his patients; . . ." (Emphasis added.)

By the terms of the statute, it is unlawful for persons other than registered pharmacists to fill drug prescriptions. Licensed practitioners of medicine, dentistry or chiropody, not in the retail drug business, are exempted from this restriction when supplying their own patients. Since such practitioners are thus exempted from the provisions of the pharmacy Act (Art. 4542a), they need not comply with its licensing (Sec.9) or permit (Sec. 17) provisions under the stated circumstances.

Your second question is as to whether a practitioner can authorize his nurse or aide to fill and dispense prescriptions. It must be borne in mind that the Texas Pharmacy Law was passed with the intention that it be liberally construed to carry out its objects and purposes. The Legislature made its intent clear by providing in Section 20 of the pharmacy statute as follows:

> "   .   .   .

> "The practice of pharmacy in the State of Texas
> is declared a professional practice affecting the
> public health, safety, and welfare and is subject to
> regulation and control in the public interest. It is
> further declared to be a matter of public interest and
> concern, that the practice of pharmacy, as defined in
> this Act, merit and receive the confidence of the pub-
> lic and that only qualified persons be permitted to
> practice pharmacy in the State of Texas. This Act shall
> be liberally construed to carry out these objects and
> purposes."

Section 8 of the Act specifically provides that it is unlawful for any person who is not a registered pharmacist under the provisions of the Act to compound, mix, or manufacture any drugs or medicines at retail or wholesale and this same Section in effect requires a pharmacist to mix and prepare each prescription personally. There is no doubt that this provision was made to protect the interest of the public.

Certain practitioners are exempted from the pharmacy law under certain designated circumstances. However, to hold that these exempt practitioners could in turn authorize nurses or other aides

to fill and dispense prescriptions would be to place in the hands of the practitioners the power to create additional exemptions over and above those created by the Legislature. No such authority is attempted to be delegated by the Act in question, and we think the evident intention of the statute is to limit the practice of pharmacy to those licensed by the State Board of Pharmacy, subject only to the specific exemptions set out in the statute. It is perhaps worthy of notice that the last paragraph of Section 8 exempts certain senior pharmacy students operating under the direct supervision of a registered pharmacist. It would appear that if the legislature had intended that nurses or other aides acting under the supervision of a practitioner should also be exempted, specific mention thereof would have been made. Accordingly, your second question is answered in the negative.

SUMMARY

A practitioner who fills prescriptions for his patients is not required to have a permit from the Texas State Board of Pharmacy.

A practitioner may not authorize his nurse or aide to fill and dispense prescriptions for his patients.

Very truly yours,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:bh

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

Charles D. Cabaniss
Marietta McGregor Payne
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore